UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAURICE HUGHES,

              Plaintiff,

v.                                        **DECISION AND ORDER**
                                                 05-CV-397S

SUPERINTENDENT MELVIN WILLIAMS, et al.,

              Defendants.

## I. INTRODUCTION

Plaintiff commenced this action under 42 U.S.C. § 1983 on June 7, 2005, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss for Failure to Prosecute filed by Defendants on October 26, 2005. Defendants bring their motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

## II. BACKGROUND

Along with filing his Complaint in this action on June 7, 2005, Plaintiff moved to proceed *in forma pauperis*. On June 15, 2005, this Court granted Plaintiff's motion to proceed *in forma pauperis* and directed service on Defendants.

Defendants Sullivan and Sohn filed a Motion to Dismiss on July 28, 2005. On August 12, 2005, this Court issued an Order directing Plaintiff to file a response to Defendants' motion on or before September 2, 2005. This Court warned Plaintiff that his failure to file a response as directed could result in Defendants' motion being granted as uncontested or his case dismissed for failure to prosecute. Plaintiff did not file a response by the deadline.

On July 19, 2005, this Court referred this case to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all pretrial matters and for hearing and disposition of all non-dispositive motions. Judge Schroeder scheduled a Preliminary Pretrial Conference for September 29, 2005. Plaintiff failed to appear at this conference without explanation. By Order dated September 29, 2005, Judge Schroeder rescheduled the Preliminary Pretrial Conference for October 25, 2005, and warned Plaintiff that his failure to appear could result in his case being dismissed for failure to prosecute. Plaintiff again failed to appear. In light of the fact that this was Plaintiff's second failure to appear without explanation, Judge Schroeder suggested that Defendants file another Motion to Dismiss with this Court.

On October 26, 2005, Defendants filed the instant Motion to Dismiss for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On November 1, 2005, this Court filed a scheduling order directing Plaintiff to file a response to Defendants' motion on or before November 30, 2005. This Court further warned Plaintiff that Defendants' motion could be granted as uncontested or his case dismissed for failure to prosecute if he did not file a response as directed. Plaintiff did not file a response to Defendants' motion.

On December 5, 2005, this Court *sua sponte* issued a scheduling order providing Plaintiff another opportunity to contest Defendant's Motion to Dismiss for Failure to Prosecute by December 30, 2005, and again warned Plaintiff that his failure to respond could result in the granting of Defendant's motion as uncontested or in dismissal of this case for failure to prosecute. Plaintiff again failed to file a response.

### III.  DISCUSSION

**A.      Dismissal under Rule 41(b) For Failure to Prosecute**

This Court finds that dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute.  However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations."  Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in cases involving *pro se* litigants, where

dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff has failed in three ways.  First, as noted above, Plaintiff failed to respond to Defendants' original Motion to Dismiss, despite being directed by this Court to do so and being warned that his failure to file a response could lead to dismissal of his case.  Second, and more significant, Plaintiff twice failed to appear before Judge Schroeder when directed to do so.  Finally, Plaintiff failed to respond to the instant Motion

to Dismiss for Failure to Prosecute despite this Court affording him two opportunities to do so and warning him each time of the consequences for failing to respond. Clearly, these failures are attributable to Plaintiff alone.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it is noted that Plaintiff's inaction has caused unnecessary delay of almost five months in this litigation. This is a failure of significant duration. See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and is of significant duration.

### 2.   Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, there can be no question that Plaintiff had adequate notice. Plaintiff was repeatedly warned, both by this Court and Judge Schroeder, that his failure to appear at scheduled conferences and failure to respond to Defendants' motions could result in the dismissal of his case. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3.   Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's failure to comply with Judge Schroeder's Orders to appear certainly resulted in a waste of Judge Schroeder's calendar time. In addition, Plaintiff's inaction has caused both Judge Schroeder and this Court to prepare and file several scheduling orders. While Plaintiff's inaction has caused the needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes, however, that Plaintiff has been afforded Due Process rights in

that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5.  Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to appear and failing to file submissions as directed. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

### IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect.  Plaintiff has failed to diligently prosecute this action, and has failed to comply with Orders of this Court.  As such, because each of the factors relevant to the Rule 41(b) analysis favors dismissal, this Court will dismiss this case with prejudice.

### V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 22) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     January 25, 2006
           Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge